# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LENNY CAIN, | : | CIVIL ACTION NO. 3:CV-17-0105 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| Warden SPAULDING, et al., | : | |
| Respondents | : | |

## **MEMORANDUM**

Petitioner, Lenny Cain, an inmate currently confined in the Allenwood Federal Medium Security Correctional Institution, ("FCI-Allenwood"), White Deer, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1, petition). Petitioner alleges that his due process rights were violated during the course of two separate prison disciplinary hearings. Specifically, he raises four issues in his petition for writ of habeas corpus:

1. Bureau of Prisons' Administrative Remedy, 28 CFR §542, is inadequate and ineffective to challenge the legality of a sanction imposed by the DHO without having first served the maximum punishment imposed, due to a loop hole that allows no time limit in writing, dismissing and again re-writing the charge until the punishment imposed is fully served or the inmate gives up appealing the charge.

2. DHO Bittenbender violated inmate Cain's due process rights in regard to Wolff v. McDonnell when he

conducted a new DHO hearing after remand and vacation of the charge and sanction by the Regional Director by holding the hearing pro-forma exparte.

3. DO Bittenbender sanctioned inmate Cain as a repeat offender for conduct that was part of the same incident as though he was a second offender requiring increased sanctions in violation of Cain's right to fundamental fairness/due process.

4. DHO Bittenbender violated inmate Cain's rights to equal protections by being treated more harsh than others that are similarly situated when imposing sanctions.

Id. For relief, Petitioner requests an order directing Respondent to expunge both incident reports and restore Petitioner's good time credits. Id. The petition is ripe for disposition and, for the reasons that follow, will be dismissed, for Petitioner's failure to exhaust administrative remedies.

## I. Background

On July 26, 2015, while confined in FCI-Allenwood, Petitioner was served with Incident Report No. 2742429, charging him with Fighting, a Code 201 violation. (Doc. 7-1 at 18, Incident Report). The incident report, which was written by Lieutenant B. Sudul, reads as follows:

> On July 26, 2015, at approximately 7:45 pm, the 3B Unit officer called for assistance due to three inmates fighting in the upper tier. Upon review of the institutional camera system, utilizing camera 219 at 7:48

> pm, Inmate Graham, Jeremy #16188-171 was standing on the upper tier when he was approached by Inmates Ormond, Cody #20118-078 and Cain, Lenny #42649-037. A brief discussion occurs and Inmate Ormond pushes Inmate Graham. As the fight progresses, Inmate Graham brandishes a swinging style weapon and continues to fight Inmate Ormond and Cain. Once the inmates were alerted to staff presence, they retreated to their assigned cells. Once the inmates were identified, they were escorted to the Lieutenant's Office, photographed, medically assessed and placed in the Special Housing Unit. Additionally, a cell search was completed of cell 219. The unit officer located a combination lock inside a sock on his assigned bed. This item of contraband was the object Inmate Graham utilized during the altercation.

Id. On July 29, 2015, the UDC conducted a hearing and forwarded the Incident Report to the Discipline Hearing Office ("DHO") for disposition. Id.

On August 12, 2015, Petitioner appeared for a hearing before DHO, D. Krebs. (Doc. 2-1 at 5, DHO Report). Cain was found guilty of the prohibited act of Fighting, and sanctioned to 41 days loss of GCT, 60 days disciplinary segregation, forfeiture of 100 days non-vested good conduct time, and 18 month loss of phone and visiting privileges. Id.

On September 28, 2015, Cain filed Administrative Remedy No. 838041-R1, appealing the decision of the DHO on Incident Report No. 2742429. (Doc. 7-1 at 90, Administrative Remedy Generalized Retrieval). The Regional Office rejected the appeal because it was untimely. Id. The Regional Office directed Cain to re-file

if he could provide documentation explaining why the appeal was untimely. Id. There is no record that Cain re-filed 838041-R1 to challenge Incident Report No. 2742429.

On September 15, 2015, at the conclusion of an SIS investigation involving the fight from Incident Report No. 2742429, Cain received Incident Report No. 2761143 from SIS Lt. Hughes, for Possession of a Weapon, a Code 104 violation. (Doc. 2-1 at 8, Incident Report). The incident report stated the following:

> On 9-15-15, at 11:30 a.m., SIS Case File ALM-15-0097, concluded that inmate Cain, Lenny, Reg. No. 42649-037, utilized a swinging weapon on July 26, 2015, during a fight with inmate Graham, Jeremy, Reg. No. 16188-171. Upon review of the Institutional Camera System, camera 219 identifies inmate Cain swinging a homemade weapon, lock in a sock, at inmate Graham on July 26, 2015, on the tope tier of Unit 3B, at 7:48:35 p.m., in an attempt to strike inmate Graham.

Id.

On September 30, 2015, Petitioner appeared before DHO K. Bittenbender for discipline hearing. (Doc. 2-1 at 2, DHO Report). Cain was found guilty of the prohibited act of Possession of a Weapon, and sanctioned to 41 days loss of GCT,

4

60 days disciplinary segregation, forfeiture of 100 days non-vested good conduct time, and 18 month loss of phone and visiting privileges. Id.

On October 9, 2015, Petitioner filed an appeal to the Regional Director, who, on November 6, 2015, remanded the disciplinary action based on the following:

> You appeal the September 30, 2015, decision of the Discipline Hearing Officer (DHO) at FCI-Allenwood finding you committed the prohibited act of Possession of a Weapon, Code 104, Incident Report 2761143. You challenge the timing of this disciplinary action and contend you received a separate Incident Report for Fighting when Lieutenant reviewed the video on July 16, 2015. You also contend that sanctions are not consistent with other inmates involved in the fight.
>
> A review of your appeal reveals questions concerning the disciplinary process. Accordingly, this disciplinary action is being remanded for further review and rehearing, if necessary. You will be notified of the date and time of further proceedings. After further proceedings, you may appeal again to this office, if you desire. Your appeal is partially granted.

(Doc. 2-1 at 27, Response).

On February 24, 2016, Petitioner appeared before K. Bittenbender for a re-hearing on Incident Report No. 2761143. (Doc. 2-1 at 12, DHO Report). The DHO sustained the original sanctions. Id.

On March 4, 2016, Petitioner again appealed to the Regional Director, who, on March 30, 2016, again remanded, based on the following:

5

> You appeal the February 24, 2016, rehearing decision of the Discipline
> Hearing Officer (DHO) at FCI-Allenwood finding you committed the
> prohibited of Possession of a Weapon, Code 104, Incident Report No.
> 2761143. You deny committing the prohibited act. You contend that
> you were not notified of the rehearing and did not have adequate time
> to prepare a defense. You contend you did not have an opportunity to
> present a statement or call witnesses at the rehearing. You question the
> delay between the date the incident occurred, and the date the reporting
> staff member became aware of the incident and wrote the Incident
> Report.
>
> A review of your appeal reveals questions concerning the disciplinary
> process. Accordingly, this disciplinary action is being remanded for
> further review and rehearing, if necessary. You will be notified of the
> date and time of further proceedings. After further proceedings, you
> may appeal again to this officer, if you desire. Your appeal is partially
> granted.

(Doc. 2-1 at 19, Response). In remanding for rehearing, the Regional Director addressed the following concerns:

> Upon review, several concerns were noted. There is no documentation
> in the record indicating that the inmate was afforded the opportunity to
> call witnesses at the rehearing. The DHO Report appears to rely on
> inmate Cain's waiver of witnesses which occurred prior to the initial
> DHO Hearing, as documented on the Inmate Rights at Discipline
> Hearing form dated September 23, 2015. As a rehearing was
> conducted, the inmate must be given a fresh opportunity to call
> witnesses, regardless of what occurred in connection with the prior
> DHO Hearing.
>
> The DHO does not address the concerns noted in the Region's initial
> remand, Remedy No. 849544-R1, questioning why the inmate was
> only charged with fighting, but was not charged with possession of a

weapon after a Lieutenant reviewed the video on the date of the incident. The Incident Report in which inmate Cain was charged with Code 201, Fighting, Incident Report No. 2742429, was written and delivered to inmate Cain on July 26, 2015. in contrast, the Incident Report in this case derives from the same incident but was written and delivered to inmate Cain more than one month later, on September 15, 2015. Although the DHO Report documents the Incident Report was suspended pending FBI/AUSA referral on September 15, 2015, it does not adequately explain the reason for the delay in the writing and delivery of Incident Report No. 2761143, for the time period between July 26, 2015, through September 15, 2015.

If this incident is to be supported, the Incident Report must be rewritten for the writer to adequately explain how they became aware of the incident. It is recommended that the investigator of the SIS case be the writer of the Incident Report, and accurately describe how and when they became aware of the incident, including when the video footage was reviewed. A new DHO Hearing must then be held, and inmate Cain must receive all the rights and opportunities at the rehearing that he would be given at a standard DHO Hearing, including the ability to prepare for the charge, to present a defense, and the opportunities to call witnesses and a staff representative.

(Doc. 7-1 at 27, 28, Memorandum).

On April 12, 2016, SIS Lieutenant Prutzman rewrote Incident Report No. 2761143 to reflect the following:

This incident is being re-written on 4/12/16 in regards for further clarification as well as in reference to the inmate's appeal to NERO. The initial incident report was written by SIS supporting staff and not the investigator. This report is being rewritten to accurately reflect the inmate's misconduct during this incident. On 9/15/15 at 11:30 am, SIS Case File ALM-15-0097concluded Inmate CAIN #42649-037 utilized

7

> a weighted object inside a sock on July 26, 2015 during a fight with Inmate GRAHAM #16188-171. Upon closer examination of the mutual physical altercation between CAIN and GRAHAM; CAIN is depicted violently swinging a weighted object inside of s sock at Inmate GRAHAM. Specifically, Inmate ORMOND, #20118-078 and CAIN approached GRAHAM on the top tier of Unit 3B. After a brief conversation between ORMOND and GRAHAM, a fight ensues. GRAHAM brandishes a swinging weapon and fights with Inmates CAIN and ORMOND. CAIN brandishes a swinging weapon and continues to attempt to strike GRAHAM with the weapon. This is observed on CCTV Camera 219, Unit 3B-219. The video clearly depicts both inmates GRAHAM and CAIN brandishing swinging type weapons and hitting each other with them. CAIN was initially provided an incident report for only Fighting (Incident Report #2742429). It wasn't until during the course of the investigation that the video had revealed and depicted CAIN brandishing and using a homemade swinging-type weapon (weighted object in side of the sock).

(Doc. 7-1 at 56, Incident Report).

On June 29, 2016, Petitioner appeared before DHO K. Bittenbender for the rehearing on the rewritten Incident Report. (Doc. 7-1 at 58, DHO Report). The DHO again sustained the original sanctions. Id. The DHO informed Petitioner of his right to appeal the decision within twenty (20) days under the Administrative Remedy Process. Id.

On July 7, 2016, Cain filed Administrative Remedy No. 868330-R1 to the Regional Director's Office. (Doc. 2-1 at 22, Regional Appeal Response). By

Response dated July 8, 2018, the Regional Director rejected the appeal, stating that "it is unclear if you are filing an appeal of the DHO Hearing of 6-29-16 or a staff complaint" and "staff complaints should be filed at the institution first." Id. The Regional Director's Office advised Cain to re-file if he is appealing the DHO's June 29, 2016, re-hearing of Incident Report No. 2761143, and to provide more specific information about his request/appeal, so that it may be considered. Id. The Regional Director's Office provided Cain with 10 days to re-file. Id.

On July 19, 2016 Petitioner re-filed Administrative Remedy No. 868330-R1 (re-designated as Administrative Remedy No. 868330-R2). (Doc. 7-1 at 94, Administrative Remedy Generalized Retrieval).

In a response dated August 16, 2016, the Regional Director denied Petitioner's appeal as follows:

> You appeal the June 29, 2016 decision of the Discipline Hearing Officer (DHO) at FCI-Allenwood, finding you committed the prohibited act of Possessing of a Dangerous Weapon, Code 104, Incident Report No. 2761143. You do not deny committing the prohibited act, but contend your due process rights were violated as the UDC review and DHO hearing were untimely. You request this appeal be granted like your previous appeals, and a new DHO be assigned to conduct the hearing.
>
> The DHO reasonably determined you committed the prohibited act based on the following. On April 12, 2016 incident report #2761143

9

was re-written for clarification of the incident which occurred on July 26, 2015. Specifically, on September 15, 2015 an SIS investigation concluded you repeatedly swung a weighted object at another inmate during a fight in an attempt to inflict injury. This was observed by investigative staff upon a review of video footage of the incident. The DHO also viewed the video footage and detailed in his report observing you engage in this prohibited act. The DHO also relied upon a investigative report, and you admission in a previous hearing in which you admitted to committing the prohibited act.

Your contention your due process rights were violated is without merit. A review of the record reveals that Warden approved an extension for the UDC review. Further, there is no time frame specified in policy for the DHO hearing to be completed.

The record in this case reflects substantial compliance with Program Statement 5270.09, Inmate Discipline Program. The decision of the DHO was based upon the greater weight of the evidence, and the sanctions imposed were consistent with the severity level of the prohibited act. The sanctions imposed, disallowance of 41 days of good conduct time, 60 days of disciplinary segregation pending 180 days clear conduct, forfeiture of 100 days of non-vested good conduct time, and loss of 18 months of telephone and visitation privileges, were not disproportionate to your misconduct. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

(Doc. 7-1 at 31, Response). Petitioner did not appeal Administrative Remedy No.

868330-R2 to final review.

A May 8, 2017 search of the Administrative Remedy Generalized Retrieval for administrative remedies filed by Petitioner between July 26, 2015, the date of the incident complained of, and January 9, 2017, the filing of the instant action, reveal that Cain filed nine administrative remedies at either the institutional or regional level. (Doc. 7-1 at 89-94, Administrative Remedy Generalized Retrieval). However, the record is devoid of any administrative remedy appealed to the Central Office, for final review. Id.

## II. Discussion

### A. Exhaustion

The BOP's Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement." 28 C.F.R. §542.10(a). An inmate must generally attempt to informally resolve the issue by presenting it to staff in a BP-8 form. See 28 C.F.R. §542.13. If the issue is not informally resolved, then the inmate may submit a request for administrative remedy (BP-9) to the Warden. See 28 C.F.R. §542.14. An inmate who is dissatisfied with the Warden's response may appeal to the Regional Director (BP-10), and an inmate dissatisfied with the Regional Director's decision may appeal to the General

Counsel in the Central Office (BP-11). See 28 C.F.R. §542.15(a). Appeal to the General Counsel is the final administrative appeal. Id. The regulations further provide that the Warden shall respond within 20 calendar days; the Regional Director shall respond within 30 calendar days; and the General Counsel shall respond within 40 calendar days. See 28 C.F.R. §542.18. Finally, the regulation provides that if the inmate does not receive a response within the time allotted for reply, then the inmate may consider the absence of a response to be a denial at that level. Id.

Although 28 U.S.C. §2241 contains no exhaustion requirement, "[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. §2241." Gambino v. Morris, 134 F.3d 156, 171 (3d Cir.1998); see also, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir.2000); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir.1981). The United States Court of Appeals for the Third Circuit requires administrative exhaustion of a claim raised under §2241 for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own

12

errors fosters administrative autonomy. Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir.1996); see also Gambino, 134 F.3d at 171; Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir.1988).

While the record demonstrates, and Respondents concede, that Cain has several times appealed to the Regional Office and been granted relief with respect to the rehearing of Incident Report No. 2761143 based on procedural errors, it is clear from the record that he has failed to properly exhausted his administrative remedies with respect to the merits of Incident Report No. 2761143. The record demonstrates that the merits of Incident Report No. 2761143 were addressed by the Regional Office in a response dated August 26, 2016. Petitioner, however, failed to appeal that decision, or the decision in Administrative Remedy No. 838041-R1, to the Central Office. Thus, by failing to appeal to the BOP General Counsel for final administrative review, he stopped the appeal process before completion. As such, he has failed to exhaust the administrative remedy process.

If a federal prisoner is not in compliance with §542.10 then the habeas petition should be denied. Arias v. U.S. Parole Comm'n, 648 F.2d 196, 199 (3d Cir.1981). However, under limited circumstances, a prisoner may not be required to exhaust the administrative remedies. A prisoner's failure to exhaust may be

13

excused if he can show that there is no opportunity to obtain adequate redress, or that the issue the prisoner presents only pertains to statutory construction, if the prisoner can affirmatively show that the pursuit of the administrative remedy would be futile. Gambino v. Morris, 134 F.3d 156, 171 (3d Cir.1998); Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir.1986); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d. Cir.1981). To the extent that Petitioner alleges in his petition that he "once gain appealed this process to the Regional Director as directed and was denied on August 18, 2016 and awaits response from appeal to 'Office of General Counsel' in Washington DC that is now over and beyond the time limit which makes exhaustion of administrative remedies. . .Futile," (see Doc. 2 at 3), there is no record evidence demonstrating that any appeal to the General Counsel was ever filed. Thus, Petitioner has not shown that his situation meets the above mentioned exceptions, and is not entitled to be excused from exhaustion in this matter. Accordingly, the petition will be dismissed for Petitioner's failure to exhaust administrative remedies. A separate Order will be issued.

Dated: March 5, 2018 /s/ William J. Nealon

**United States District Judge**

# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LENNY CAIN, | : | CIVIL ACTION NO. 3:CV-17-0105 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| Warden SPAULDING, et al., | : | |
| Respondents | : | |

## **ORDER**

**AND NOW, THIS 5th DAY OF MARCH, 2018**, for the reasons set forth in the Memorandum of this date, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** for Petitioner's failure to exhaust administrative remedies.

2. Petitioner's motions for temporary restraining order, default judgment and immediate status conference (Docs. 8, 9, 11) are **DISMISSED** as moot.

3. The Clerk of Court is directed to **CLOSE** this case.

/s/ William J. Nealon
**United States District Judge**