# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LENNY CAIN, | : |
| Petitioner | : |
| | : CIVIL ACTION NO. 3:17-0105 |
| v. | : |
| | : (Judge Mannion) |
| Warden SPAULDING, <u>et</u> <u>al.</u>, | : |
| | : |
| Respondent | : |

## MEMORANDUM

**I. Background**

On January 19, 2017, the Petitioner, an inmate at the Allenwood Federal Correctional Institution, Whiter Deer, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Petitioner alleges that his due process rights were violated during the course of two separate prison disciplinary hearings. Specifically, he raises four issues in his petition for writ of habeas corpus:

1. Bureau of Prisons' Administrative Remedy, 28 CFR §542, is inadequate and ineffective to challenge the legality of a sanction imposed by the DHO without having first served the maximum punishment imposed, due to a loop hole that allows no time limit in writing, dismissing and again re-writing the charge until the punishment imposed is fully served or the inmate gives up appealing the charge.

2. DHO Bittenbender violated inmate Cain's due process rights in regard to Wolff v. McDonnell when he conducted a new DHO hearing after remand and vacation of the charge and sanction by the Regional Director by holding the hearing pro-forma exparte.

3. DO Bittenbender sanctioned inmate Cain as a repeat offender for conduct that was part of the same incident as though he was a second offender requiring increased sanctions in violation of Cain's right to fundamental fairness/due process.

4. DHO Bittenbender violated inmate Cain's rights to equal protections by being treated more harsh than others that are similarly situated when imposing sanctions.

Id. For relief, Petitioner requests an order directing Respondent to expunge both incident reports and restore Petitioner's good time credits. Id.

By Memorandum and Order dated March 16, 2018, Cain's petition was dismissed for Cain's failure to exhaust administrative remedies. (Doc. 12). Presently before the Court is Petitioner's motion for reconsideration of this Court's March 16, 2018 Memorandum and Order. (Doc. 13). For the reasons set forth below, Petitioner's motion for reconsideration will be denied.

## II. DISCUSSION

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly

discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the

3

context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A review of the Court's March 16, 2018, Memorandum and Order reveals the following with respect to this Court's decision to dismiss the instant Petition for writ of habeas corpus:

> While the record demonstrates, and Respondents concede, that Cain has several times appealed to the Regional Office and been granted relief with respect to the rehearing of Incident Report No. 2761143 based on procedural errors, it is clear from the record that he has failed to properly exhausted his administrative remedies with respect to the merits of Incident Report No. 2761143. The record demonstrates that the merits of Incident Report No. 2761143 were addressed by the Regional Office in a response dated August 26, 2016. Petitioner, however, failed to appeal that decision, or the decision in Administrative Remedy No. 838041-R1, to the Central Office. Thus, by failing to appeal to the BOP General Counsel for final administrative review, he stopped the appeal process before completion. As such, he has failed to exhaust the administrative remedy process.

(Doc. 12 at 13).

Petitioner claims that, contrary to this Court's conclusion that he failed to appeal to Central Office, Petitioner, in fact, did appeal to the Central Office and he "has exhausted fully". (Doc. 13 at 4). He makes the following argument

4

in support of his motion for reconsideration:

> However, what is contained in the record is an admission by the respondent on page 5 at paragraph 31 stating; "On February 24, 2017, Central Office responded that. . . .following a lame excuse explaining an issue that Mr. Cain never raised in his appeal to the Central Office. This response was well over the time limit to respond to Mr. Cain's appeal to Central Office. Thus, Mr. Cain did exhaust his administrative remedies with diligence in light of "administrative remedy No. 85443 which relates directly to incident report 2761143, i.e., the weapon charge the only issue that Mr. Cain was appealing, regardless of his abandoned claim of incident report No. 2742429 which corresponded with administrative remedy No. 838041 which this Court relied on in error to find for the government/B.O.P/Respondent. This Court's finding that Mr. Cain failed to properly exhaust his administrative remedies are contradicted by the facts in the record.
>
> Moreover, the Respondent's Central Office only decided to reply to Mr. Cain's appeal on February 24, 2017 over one month after Mr. Cain filed the instant action on January 9, 2017, thus over "eight (8) months" after Mr. Cain filed his appeal to cental office as conceded by the Respondents in their reply and declaration in exhibit A.

Id.

The Court finds Petitioner's argument to be without merit. Petitioner's final re-hearing, after two remands, was held on June 29, 2016. Petitioner appealed the decision to the Regional Director, under Administrative Remedy No. 868330-R2. By Response dated August 26, 2016, the Regional Office denied Cain's appeal of the June 29, 2016 re-hearing of incident report No. 2761143. There is no record of an appeal to the Central Office regarding

Administrative Remedy No. 868330-R2.

The February 24, 2017 Central Office response that Petitioner references is a response directed at Petitioner's appeal from the February 24, 2016 decision of the Discipline Hearing Officer regarding incident report No. 2761143, in which Petitioner was found to have committed the prohibited act of Possession of a Weapon. (See Doc. 17-1 at 6). As the response correctly reflects, the incident report No. 2761143 was remanded and a re-hearing was held on June 29, 2016, to which Petitioner filed an appeal to the Regional Director. Id. In denying Petitioner's appeal, the Regional Director advised Petitioner that he had a right to file an appeal from Regional Director, which he did not. Id. It is this failure to appeal, that resulted in this Court's conclusion that the instant petition was to be dismissed for Petitioner's failure to exhaust administrative remedies

Petitioner's failure to satisfy the procedural rules of the BOP's administrative remedy program thus constitutes a procedural default, as "no administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office." Miceli v. Martinez, No. 08–1380, 2008 WL 4279887, 2 (M.D. Pa. Sept. 15, 2008); see also Moscato, 98 F.3d at 760 ("[F]ailure to satisfy the procedural rules of the Bureau's

administrative process constitutes a procedural default."). Therefore, in a case such as this, where the petitioner has failed to exhaust his administrative remedies due to a procedural default thus rending unavailable the administrative process, review of the merits of his habeas claims is barred absent a showing of "cause and prejudice" to excuse the procedural default. Moscato, 98 F.3d at 761.

To demonstrate "cause" for a procedural default, the petitioner must show that "some objective factor external to the [petitioner's] defense impeded [his] efforts to comply with [a] procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). "Examples of external impediments which have been found to constitute cause in the procedural default context include 'interference by officials,' 'a showing that the factual or legal basis for a claim was not reasonably available to counsel,' and 'ineffective assistance of counsel.'" Wise v. Fulcomer, 958 F.2d 30, 34 n.9 (3d Cir. 1992) (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)). To establish "actual prejudice," the petitioner must show "not merely that the errors ... created a possibility of prejudice, but that they worked to his actual and substantive disadvantage." Carrier, 477 U.S. at 494 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

The Court finds that Cain has not met that burden. He has failed to

demonstrate any reason as to why this Court should excuse his default. Accordingly, in the absence of any showing of cause sufficient to excuse his procedural default, the petition will be denied on the ground that Cain's federal habeas claims are barred by procedural default.

As such, Petitioner presents no evidence that this Court misunderstood or misinterpreted the law as it applies to his situation. Cain's petition was properly dismissed. Accordingly, this Court finds that its Memorandum and Order of March 5, 2018, is not troubled by manifest errors of law or fact and Petitioner has not presented anything new, which if previously presented, might have affected our decision. Consequently, the motion for reconsideration will be **DENIED**. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated: October 3, 2018
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-0105-01.wpd