UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LENNY CAIN, : | |
| : | CIVIL ACTION NO. 3:17-0105 |
| Petitioner : | |
| : | (JUDGE MANNION) |
| v. : | |
| WARDEN SPAULDING, : | |
| Respondent : | |

### ORDER

Presently before the Court is Petitioner's October 22, 2020 "motion to produce any and all discovery dealing with [Petitioner's] incident report" and "specifically any and all email correspondence with staff dealing with this incident." (Doc. 36).

Rule 6 of the Rules Governing §2254 Cases states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." "A habeas petitioner may satisfy the 'good cause' standard by setting forth specific factual allegations which, if fully developed, would entitle him or her to the writ." See Williams v. Beard, 637 F.3d 195, 209 (3d Cir. 2011) (citing Harris v. Nelson, 394 U.S. 286, 300 (1969); Lave v. Dretke, 416 F.3d 372, 380 (5th Cir. 2005)).

On October 16, 2020, Respondent filed their supplemental response, addressing the merits of Cain's petition for writ of habeas corpus. (Doc. 34). Attached as exhibits to the supplement are all records pertaining to Petitioner's incident report. Id. Additionally, Respondent attaches a certificate of service indicating that their response and exhibits were served through the mail on Petitioner on October 16, 2020. Id. As it appears that quite possibly Petitioner's receipt of Respondent's exhibits may have crossed in the mail with the filing of Petitioner's motion, the Court will dismiss Petitioner's motion for discovery without prejudice to renewal, if that is the case.

**IT IS HEREBY ORDERED THAT:**

1. Petitioner's motion for discovery (Doc. 36) is **DISMISSED** without prejudice.

2. Petitioner shall file his traverse on, or before, January 25, 2021.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: January 6, 2021**
17-0105-04

- 2 -